IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| THOMAS KLEIN, | : Case No. 1:21-cv-357 |
| Petitioner, | : Judge Matthew W. McFarland |
| | : Magistrate Judge Stephanie K. Bowman |
| v. | : |
| WARDEN, OHIO STATE PENITENTIARY, | : |
| Respondent. | : |

**ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 18), OVERRULING OBJECTIONS (Doc. 20), TERMINATING REMAINING MOTIONS AS MOOT (Docs. 21, 22, 23), AND TERMINATING CASE**

This action is before the Court on Magistrate Judge Stephanie K. Bowman's Report and Recommendation (Doc. 18). Magistrate Judge Bowman recommends that Petitioner Klein's federal habeas corpus petition be found barred from review by the one-year statute of limitations under 28 U.S.C. § 2254.

Klein filed objections. He argues that plain error applies under Federal Rule of Criminal Procedure 52(b), that he is entitled to equitable tolling for actual innocence, and that the Report erroneously accepts the facts from the state court as true. These arguments fail.

First, his plain error argument takes issue primarily with the Report's conclusion that the passage of Ohio's Violent Offender Database statute did not entitle him to a later start date for the statute of limitations on his habeas petition. This objection, however,

amounts to a rehash of the same general argument that the Report rejected, and fails for the reasons explained in the Report. *E.g., Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Nickelson v. Warden, Chillicothe Corr. Inst.*, No. 1:11-CV-00334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012).

Second, successful actual innocence pleas are rare. *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013). A habeas petitioner must show that a constitutional violation probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* A petitioner only passes the actual-innocence gateway if he "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 316. It is the "extraordinary" case that satisfies this demanding standard. *Id.* at 327; *McQuiggin*, 569 U.S. at 401.

Klein fails to satisfy the actual-innocence standard. He attempts to re-argue this claim here, so his re-argument fails for the same reason his plain error argument did. Moreover, the argument itself fails to establish the demanding actual innocence standard.

Third, Klein's argument that the Report erroneously accepts the state court's facts as true is also mistaken. In habeas proceedings, the state court's determination of a factual issue is "presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption of correctness by clear and convincing evidence. *Id.* Klein acknowledges that burden, and states that he believes he has met it, but does

2

not offer clear and convincing evidence that countervails any fact developed by the state court. Accordingly, the Report correctly accepted the facts as developed below.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon review, the Court finds that Klein's objections are not well-taken and are accordingly **OVERRULED**. The Court orders as follows:

(1) The Report and Recommendation is **ADOPTED**.

(2) The habeas petition is **DISMISSED WITH PREJUDICE** for the reasons stated in the Report.

(3) A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, because "jurists of reason" would not disagree that the petition is barred from review on a procedural ground. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

(4) The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a) that, for the reasons expressed in the Report, an appeal of this Order adopting the Report would not be taken in good faith, and therefore **DENIES** plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007). Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

(5) The Court **TERMINATES AS MOOT** the motion to alter, amend and make additional findings (Doc. 21); the request for briefing schedule (Doc. 22); and

the motion under Fed. R. Civ. P. 60(b), 3, 4, and 6 (Doc. 23).

(6) This matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature]*
JUDGE MATTHEW W. McFARLAND